UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE L. CHAO,

    Plaintiff(s),

v.

EMPLOYEE RESOURCE MANAGEMENT,
INC. a/k/a ERM; SIMPLIFIED
EMPLOYMENT SERVICES, INC. a/k/a
SES d/b/a ERM; and the ERM SALARY
DEFERRAL 401(k) SAVINGS PLAN,

    Defendant(s).
    _____/

Case No. 06-12503

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
JUDGMENT BY DEFAULT**

Plaintiff Elaine L. Chao, Secretary of Labor, filed this action against Defendants Employee Resource Management, Inc. a/k/a ERM, Simplified Employment Services, Inc. a/k/a SES d/b/a ERM, and the ERM Salary Deferral 401(k) Savings Plan. The complaint alleges that Defendants breached their duties as fiduciaries of an employee benefit plan. The matter comes before the Court on Plaintiff's motion for judgment by default. For the reasons discussed below, Plaintiff's motion is GRANTED.

**I.    Facts**

On September 18, 1995, Defendant ERM created a salary deferral 401(k) employee benefit plan. ERM was the plan's sponsor, administrator, and fiduciary. In November 1997, Defendant SES and its co-owners, Ronald Bray and Dennis Lambka, acquired ERM through a stock purchase agreement. SES also became a plan fiduciary.

On July 9, 2001, Defendants ERM and SES filed for Chapter 11 bankruptcy protection and ceased operations; neither entity currently functions in any corporate capacity. In December 2004 and January 2005, respectively, Bray and Lambka pleaded guilty to conspiracy to defraud the government and were prohibited from serving as fiduciaries or service providers to any ERISA-covered plan for a period of thirteen years.

Since 2002, no individual or entity has taken fiduciary responsibility for the operation and administration of the plan and its assets, and the plan has not been terminated. Essentially, the plan has been orphaned. As a result, participants and beneficiaries of the plan have not been able to obtain distributions from the plan of their individual account balances.

## II. Analysis

### A. ERISA

This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. The Salary Deferral 401(k) Savings Plan at issue in this case is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). Accordingly, the plan is subject to Title 1 of ERISA. 29 U.S.C. § 1003(a). Defendants ERM and SES were plan fiduciaries under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

ERISA imposes various duties on plan fiduciaries. They must discharge their duties solely in the interest of the participants and beneficiaries and:

    (A) for the exclusive purpose of:
      (i) providing benefits to participants and their beneficiaries; and
      (ii) defraying reasonable expenses of administering the plan;

> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; . . . and
>
> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA].

29 U.S.C. §§ 1104(a)(1)(A), (B), and (D).

Because Defendants violated these duties, Plaintiff brought this action under 29 U.S.C. §§ 1132(a)(2) and (5) to enjoin Defendants from violating Title I of ERISA, and under 29 U.S.C. § 1109 to remove Defendants as plan fiduciaries.

**B. Default Judgment**

Plaintiff's motion is for default judgment, which is governed by Fed. R. Civ. P. 55(b). Default judgment is appropriate where: Defendant properly was served; Defendant has failed to respond, plead, or defend; Defendant seeks a sum certain; Defendant is not an infant, incompetent, or in the military service; and the clerk has entered Defendant's default. Plaintiff has met these criteria.

The Return of Service in the court file shows that service was made on March 27, 2007 on all Defendants by personal service on Ronald Bray, plan fiduciary and corporate president/officer. The Court twice issued orders to extended the time for service, and Defendants were served within the timeframe ordered by the Court. Defendants have failed to respond, plead, or defend. Additionally, Defendants are two corporations and a savings plan, not infants or incompetent or in the military service. The clerk entered default on May 14, 2007.

The final requirement under Rule 55(b) is that Plaintiff seeks a sum certain. In this case, however, Plaintiff is seeking injunctive relief, not damages. The Sixth Circuit approved injunctive relief on a default judgment in *Laborers Fringe Benefit Funds Detroit and Vicinity v. Northwest Concrete & Constr., Inc.*, 640 F.2d 1350, 1351-52 (6th Cir. 1981). The court in that case noted that ERISA allows a "participant, beneficiary, or fiduciary . . . to enjoin any act or practice which violates any provision of this subchapter." (*Id.* at 1352)(quoting 29 U.S.C. § 1132(a)(3)). Accordingly, the court held that the district court had authority to issue a declaratory judgment to enjoin the defendant from failing to comply with a labor agreement. *Id.* at 1352-53.

In this case, Plaintiff is not a participant in a plan, but is instead the Secretary of Labor. ERISA authorizes the Secretary to bring an action "to enjoin any act or practice which violates any provision of this subchapter." 29 U.S.C. § 1132(a)(5). This is the same language used by the *Northwest Concrete* court to justify injunctive relief in a default judgment. Furthermore, ERISA provides that when a fiduciary breaches his duties, he "shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1009(a). Accordingly, the Court appropriately can grant the relief sought by Plaintiff.

ERISA also provides that "all assets of an employee benefit plan shall be held in trust by one or more trustees." 29 U.S.C. § 1103(a). Because the Court will remove Defendants as fiduciaries, it will appoint a trustee to serve in their stead. *See Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984)("removal of pension fund trustees and the appointment of a person to serve in their stead is appropriate under the statute when they have engaged in repeated or substantial violation[s] of [their] responsibilities")(citation omitted).

Recently, another district court granted default judgment to the Secretary of Labor in a similar case. *Chao v. Sauve*, 2004 WL 503819 (N.D. Iowa 2004). The plan in that case, like here, was an "orphan plan." The Court removed the defendants from their fiduciary capacities, enjoined them from serving as fiduciaries for any other ERISA plan, and ordered the Secretary to submit names of independent fiduciaries to replace the defendants. *Id.* at *4.

Accordingly, the Court finds that Plaintiff has met the criteria of Fed. R. Civ. P. 55(b) and will grant the relief sought by Plaintiff in this case.

## III. Conclusion

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows:

Plaintiff's motion for judgment by default is GRANTED;

Defendants hereby shall cease to serve as fiduciaries for the plan;

Defendants hereby are enjoined from committing violations of Title I of ERISA; and

M. Larry Lefoldt, CPA, of Lefoldt & Co., P.A., located at 690 Towne Center Blvd., Ridgland, MS 39158-2848, hereby is appointed as the independent fiduciary for the plan.

SO ORDERED.

       s/Nancy G. Edmunds  
       Nancy G. Edmunds  
       United States District Judge

Dated: November 29, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2007, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer  
       Case Manager